UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE E. BRADLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YORK COUNTY SHERIFF, ) <br> ) <br> Defendant. ) | Civil Action No. <br> 22-10189-FDS |
| GEORGE E. BRADLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YORK COUNTY SHERIFF, ) <br> ) <br> Defendant. ) | Civil Action No. <br> 22-10269-FDS |

### MEMORANDUM AND ORDER

**SAYLOR, C.J.**

For the reasons set forth below, plaintiff is directed to show cause why this action ought not be dismissed without prejudice, or alternatively, transferred to the United States District Court for the District of Maine. The clerk shall file plaintiff's February 16, 2022 pleadings in the earlier-filed case and close the later-filed case.

**I.   Background**

On February 3, 2022, George E. Bradley, an inmate now in custody at MCI-Shirley, filed

a letter seeking to have the court treat the letter as a civil rights complaint.[1] The clerk entered the letter on the docket as Bradley's complaint. ECF No. 1, C.A. No. 22-10189-FDS. In his letter, Bradley recounts a 2019 incident in which he was shot at his home in Maine by law enforcement officers for the City of Portland and York County, Maine. Bradley states that he received a favorable termination to criminal charges arising from the 2019 incident. He contends that this court has federal question and diversity jurisdiction. He asserts claims under 42 U.S.C. § 1983 for the violation of his constitutional rights as well as pendent state-law claims.

Less than two weeks later, on February 16, 2022, Bradley filed a complaint and application to proceed without prepayment of fees and affidavit. ECF Nos. 1, 2, C.A. No. 22-10269-FDS. Bradley's complaint asserts this court's diversity jurisdiction and seeks relief for damages sustained during the 2019 incident.

## II.   Discussion

As an initial matter, the court recognizes that Bradley's first action, C.A. No. 22-10189-FDS, was initiated without the filing of a complaint, nor payment of the filing fee or the filing of a motion for leave to proceed *in forma pauperis*.[2] Bradley subsequently filed a complaint and application to proceed without prepayment of fees and affidavit. Rather than file these pleadings

---

[1] Pursuant to 28 U.S.C. § 1915A, the action is subject to preliminary screening because Bradley is a prisoner. Section 1915A authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

[2] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Based on the information contained in the prison account statement, the court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).

in the pending civil action (No. 22-10189-FDS), the clerk filed the pleadings in newly opened civil action (No. 22-10269-FDS). Because of this, the clerk will be directed to file the pleadings from the later-filed case (22-10269-FDS) in the earlier filed case (22-10189-FDS).

To the extent that Bradley states that his action is based, in part, on diversity jurisdiction, as an inmate in a Massachusetts prison, he is not automatically a Massachusetts citizen for purposes of diversity jurisdiction under 28 .U.S.C. § 1332. An individual is a citizen of the state in which he is domiciled, meaning "the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Aponte-Davila v. Municipality of Caguas*, 828 F.3d 40, 46 (1st Cir. 2016). "In cases involving prisoners, the courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration, even if he is subsequently incarcerated in a different state." *Hall v. Curran*, 599 F.3d 70, 71 (1st Cir. 2010). Thus, it appears that Bradley is a citizen of Maine for purposes of diversity jurisdiction.

Even if the court finds that diversity of citizenship exists in this action, venue would not be proper in this court because Bradley's claims arose in Maine and none of the purported defendants are located in Massachusetts.³ "Where the defense of improper venue is 'obvious from the face of the complaint and no further factual record is required to be developed,' the court may, sua sponte, dismiss the case." *Fusco v. Woodcock*, No. 19-1062-JL, 2020 WL

---

³ In general, venue exists in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

4228182, at *2 (D.N.H. July 4, 2020), report and recommendation adopted sub nom. *Fusco v. US Dist. Ct.-ME, Dist. J.*, No. 19-1062-JL, 2020 WL 4228173 (D.N.H. July 20, 2020) (citations and quotations omitted).

Thus, the District of Massachusetts is not the proper venue for this action. The putative defendants are located in Maine and all of the events giving rise to the claims arose in Maine. Thus, the proper district pursuant to Section 1391(b) is the District of Maine.

Because venue is improper in this court under Section 1391(b), this action should be dismissed without prejudice or transferred to the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1406(a) (the court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."). Where, as here, a plaintiff files a case in a district in which venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Optos, Inc. v. Topcon Med. Sys., Inc.*, 777 F.Supp.2d 217, 236 (D. Mass. 2011). Here, the District of Maine appears to be the proper venue for this action.

### III.   Order

For the foregoing reasons, Bradley shall show cause by May 27, 2022, why this action should not be dismissed without prejudice, or alternatively, transferred to the United States District Court for the District of Maine. The clerk shall file plaintiff's February 16, 2022 pleadings in the earlier-filed case and close the later-filed case.

**So Ordered.**

Dated:  May 4, 2022

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court