UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GEORGE E. BRADLEY, | ) |
|     Plaintiff | ) ) ) |
| v. | ) ) 2:22-cv-00178-JAW ) |
| YORK COUNTY SHERIFF, et al., | ) ) |
|     Defendants | ) |

### RECOMMENDED DECISION ON
### DEFENDANT'S MOTION TO DISMISS

Plaintiff seeks to recover damages resulting from an incident that occurred when he was shot multiple times by two law enforcement officers who entered his home in March 2019. (Complaint, ECF No. 1.) Defendant Portland City Police (Defendant) has moved to dismiss Plaintiff's complaint. (Motion, ECF No. 26.) Plaintiff did not file an opposition to the motion.

Following a review of the complaint and after consideration of Defendant's motion to dismiss, I recommend the Court grant the motion.

### BACKGROUND

The facts set forth below are derived from Plaintiff's complaint and the record. Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

Plaintiff alleges that on March 21, 2019, two law enforcement officers, one with the York County Sheriff's office and one with the Portland Police Department, entered his home without a warrant and discharged their weapons, shooting him three times.

Plaintiff joined the York County Sheriff, the Portland Police Department,[1] and two John Doe individuals as defendants. Defendant asserts Plaintiff has not alleged an actionable claim against it and moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), for dismissal.

## LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), a court "must evaluate whether the complaint adequately pleads facts that 'state a claim to relief that is plausible on its face.'" *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In doing so, a court must "assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom," but need not "draw unreasonable inferences or credit bald assertions [or] empty conclusions." *Id*. (alteration in original) (internal quotation marks omitted); *see Bruns v. Mayhew*, 750 F.3d 61, 71 (1st Cir. 2014) ("[A] court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly*, 550 U.S. at 555)). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To evaluate the sufficiency of the complaint, therefore, a court must "first, 'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or

---

[1] Plaintiff named the Portland City Police as a party to this action. The Portland Police Department, however, is "not a suable entity." *Dwan v. City of Boston*, 329 F.3d 275, 278 n.1 (1st Cir. 2003). Although the police department is not a proper party to this action, the Court can reasonably construe Plaintiff's allegations as attempting to assert a claim against City of Portland. *See, e.g., Gurhan v. City of Saco*, No. 2:19-cv-00349, 2019 WL 5589044, at *1 n.2 (D. Me. Oct. 30, 2019).

merely rehash cause-of-action elements,' then 'take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.'" *Zell v. Ricci*, 957 F.3d 1, 7 (1st Cir. 2020) (alteration omitted) (quoting *Zenon v. Guzman*, 924 F.3d 611, 615-16 (1st Cir. 2019)).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661 at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## DISCUSSION

Under District of Maine Local Rule 7(b), a party is expected to file an objection to a motion if the party contests the motion, and unless the party files an objection, the party is "deemed to have waived objection." D. Me. Loc. R. 7(b). "When a district court has promulgated a local rule, such as the District of Maine's Local Rule 7(b), which requires a party to file a written objection to any motion, it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion." *Parham v. Pelletier*, No. 2:11-cv-00435-DBH, 2012 WL 987336 at *3 (D. Me. Mar. 21, 2012). The discretion is limited to dismissing cases "when the result does not clearly offend equity" or "conflict with a federal rule." *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) (quoting *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002)). The record lacks any evidence to suggest the equities would militate

against dismissing the claim against Defendant. Dismissal, therefore, would be warranted based solely on Plaintiff's lack of objection to Defendant's motion to dismiss. Even if Plaintiff had not waived objection, however, dismissal is warranted.

Although Plaintiff does not assert a specific legal theory of recovery, his complaint could be construed to allege a violation of his constitutional rights. Plaintiff's claim, therefore, would be governed by the federal civil rights statute, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983. To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

A municipality, such as Defendant, cannot be vicariously liable for a constitutional deprivation simply because the deprivation was caused by a municipal employee. *Welch v. Ciampa,* 542 F.3d 927, 941 (1st Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)). A municipality can be held liable under § 1983 "only for [its] own unconstitutional acts." *Haley v. City of Boston*, 657 F.3d 39, 51 (1st Cir. 2011). "Thus, a plaintiff who brings a section 1983 action against a municipality bears the burden of showing that, 'through its deliberate conduct, the municipality was the moving "force behind" the injury alleged.'" *Id.* (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*,

520 U.S. 397, 404 (1997)). For a municipality to be liable for a constitutional deprivation, the record must include evidence that a municipal policy, custom, or practice caused the deprivation. *Welch*, 542 F.3d at 941. The applicable standard thus requires a plaintiff to "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). Plaintiff has not identified in his complaint a municipal policy or custom that resulted in the alleged deprivation of his constitutional rights. Plaintiff, therefore, has not stated a section 1983 claim against Defendant.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant's motion to dismiss.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 6th day of July, 2023.