UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GEORGE BRADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:22-cv-00178-JAW |
| | ) |
| YORK COUNTY, et. al. | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION FOR SANCTIONS**

The court grants a defendant's motion for sanctions based on a pro se plaintiff's failure to maintain a current address with the court and counsel and on the plaintiff's failure to comply with the discovery procedures of the federal civil rules despite an order from the court compelling him to do so.  As a sanction, the court dismisses the plaintiff's complaint without prejudice.

**I.   BACKGROUND**

On February 16, 2022, George Bradley filed a complaint in federal court against the York County Sheriff and the Portland City Police (Portland/Portland Police Department) along with a John Doe deputy sheriff and police officer.[1]  On April 14, 2023, the York County Sheriff's Office (York County) filed an answer to the complaint.  *Answer to Compl. and Affirmative Defenses and Demand for Jury* (ECF No. 22).[2]  On August 9, 2023, the Magistrate Judge issued a scheduling order,

---

[1]   The original complaint was filed in the District of Massachusetts but was transferred to the District of Maine on June 7, 2022.  *Electronic Order* (ECF No. 6).
[2]   On August 8, 2023, affirming a recommended decision from the Magistrate Judge, the Court dismissed Mr. Bradley's complaint against the City of Portland.  *Order Affirming Recommended Decision* (ECF No. 29).  On September 11, 2023, Mr. Bradley moved for reconsideration of the Court's

establishing December 26, 2023 as the discovery deadline and authorizing certain discovery. *Scheduling Order* (ECF No. 30). On September 25, 2023, the Magistrate Judge amended the scheduling order, setting February 1, 2024 as the discovery deadline. *Order on Pl.'s Mot. to Appoint Counsel and Am. Scheduling Order* (ECF No. 39). On February 1, 2024, the Magistrate Judge further extended the discovery deadline to February 29, 2024. *Order* (ECF No. 43).

On February 23, 2024, York County filed a motion for sanctions. *Def.'s Mot. for Sanctions* (ECF No. 46) (*Def.'s Mot.*). In the motion, York County represented that on November 20, 2023, it served Mr. Bradley with interrogatories and a request for production of documents. *Id.* at 1. However, despite multiple efforts to contact Mr. Bradley, York County said that it received no response from him and that its letters had been returned as undeliverable. *Id.* York County observed that it sought the Magistrate Judge's intervention and that on January 25, 2024, the Magistrate Judge ordered Mr. Bradley to respond to the outstanding discovery on or before February 15, 2024. *Id.* at 2; *see Order on Disc. Issue* (ECF No. 41). In the January 25, 2024 order, the Magistrate Judge wrote that if Mr. Bradley "fails to serve responses to the discovery requests by February 15, 2024, the Court could impose sanctions, which could include the dismissal of Plaintiff's claim." *Order on Disc. Issue* at 1. York County represented that Mr. Bradley failed to respond to the outstanding discovery by February 15, 2024, and in fact, he failed to respond by February 23, 2024, the date

---

August 8, 2023 order. *Pl.'s Mot. for Recons.* (ECF No. 35). On September 18, 2023, the Court denied Mr. Bradley's motion for reconsideration and his motion for appointment of counsel; the Court also denied the City of Portland's motion for entry of final judgment. *Order on Mot. for Recons., Mot. for Appointment of Counsel, and Mot. for Entry of Final J.* (ECF No. 38).

of its motion. *Def.'s Mot.* at 2. The court docket confirms that mail to Mr. Bradley had been returned as undeliverable. *Mail* (ECF Nos. 44, 45, 52).

## II. DISCUSSION

The Court grants York County's motion for sanctions on two bases. The first is that Mr. Bradley had failed to maintain a current address with the court. "A party's obligation to maintain a current address with a court does not rest with the court [or] the opposing party . . .. It rests solely with the party himself, in this case Mr. [Bradley]." *Ismail v. Robinson*, No. 2:22-cv-00150-JAW, 2024 U.S. Dist. LEXIS 21904, at *3 n.3 (D. Me. Feb. 26, 2024) (quoting *Boulier v. Penobscot Cnty. Jail*, No. 1:21-cv-00080-JAW, 2022 U.S. Dist. LEXIS 39708, at *10 (D. Me. Mar. 7, 2022)); *accord Ismail*, 2024 U.S. Dist. LEXIS 21904, at *3 n.3 ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address" (quoting *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988))). As the docket reflects, Mr. Bradley has failed in this most basic obligation to maintain a current address with the court, and this means that his case is subject to dismissal.

Second, Mr. Bradley has failed to comply with his discovery obligations under the Federal Rules of Civil Procedure and is therefore subject to sanction under Federal Rule of Civil Procedure 37, which provides that the court "may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." FED. R. CIV. P. 37(d)(1)(A)(ii). The sanction may include dismissal. FED. R. Civ. P. 37(b)(2)(A)(v). Moreover, "Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an

action for a party's failure to prosecute and failure to comply with the Court's orders." *Theriault v. Gillen*, No. 1:22-cv-00040-LEW, 2022 U.S. Dist. LEXIS 192747, at *2 (D. Me. Oct. 24, 2022), *aff'd* 2022 U.S. Dist. LEXIS 208381 (D. Me. Nov. 17, 2022). Mr. Bradley has ignored a court order to respond to discovery despite an express judicial warning that if he continued to fail to respond his case might be dismissed. *See Order on Disc. Issue* at 1.

Based on the circumstances of this case, the Court concludes that dismissal of Mr. Bradley's complaint is the appropriate sanction for his failure to prosecute his own civil action. The sole remaining question is whether the dismissal should be with or without prejudice.

The United States Supreme Court and the First Circuit have described the difference between a dismissal with and without prejudice. A "dismissal '**without prejudice**' will 'ordinarily (though not always) have the consequence of not barring the claim from <u>other</u> courts,' its 'primary meaning relates to the dismissing court itself.'" *Foss v. Eastern States Exposition*, 67 F.4th 462, 468 (1st Cir. 2023) (quoting *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001))(emphasis in original). A dismissal without prejudice is "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period." *Semtek*, 531 U.S. at 505-06; *Garcia-Goyco v. Law Envtl. Consultants, Inc.*, 428 F.3d 14, 19 (1st Cir. 2005) ("To the extent that the dismissal was '**without prejudice**' LEC was not barred from refiling the claim with the same court" (emphasis supplied)).

By contrast, "[d]ismissal with prejudice is an extreme sanction because it 'foreclose[es] forever the plaintiff's opportunity to obtain judicial redress.'" *Reardon v. Lowe's Co., Inc.*, 1:21-cv-00362-LEW, 2024 U.S. Dist. LEXIS 23786, at *5 (D. Me. Feb. 12, 2024) (quoting *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003)); *see also Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 5 (1st Cir. 2006) (noting that dismissing cases with prejudice raises "fairness concerns" given "the law's preference that cases be disposed of on the merits" and "procedural aspects such as notice and an opportunity to be heard"). Thus, the First Circuit has cautioned that "dismissal with prejudice is a harsh sanction, which should be employed only when a plaintiff's misconduct has been extreme and only after the district court has determined that none of the lesser sanctions available to it would truly be appropriate." *United States ex rel. Nargol v. DePuy Orthopaedics, Inc.*, 69 F.4th 1, 13, 1st Cir. 2023) (quoting *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 44 (1st Cir. 2007)).

Relevant factors in deciding whether dismissal with prejudice is appropriate include: "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Benítez-García*, 468 F.3d at 5 (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996)). Courts also weigh procedural considerations, such as whether a party was warned about a sanction and given an opportunity to object. *See id.* "And where the case is close, courts should prefer less severe sanctions that

5

preserve the possibility of disposition on the merits." *Pomales*, 342 F.3d at 48 (citing *Velazquez-Rivera v. Sea-Land Serv., Inc.*, 920 F.2d 1072, 1079 (1st Cir. 1990)).

Dismissal without prejudice is appropriate in these circumstances. First, the allegations in Mr. Bradley's complaint are pretty wild and, if proven, very serious:

> On 2-21-2019, members of both the York County Sheriff & Portland City Police entered Plaintiff's Maine home/property w/o either an arrest/search warrant, at night, and proceeded to discharge their weapons, hitting Plaintiff, who was not armed, 3 times.

*Compl.* at 4 (ECF No. 1). Mr. Bradley alleged that he sustained "life-threatening gunshot wounds, incurred hospital costs, loss of gainful employment, post trauma[tic] stress disorder (PTSD), and mental/physical disabilities for life." *Id.* In dismissing this claim, the Court has not ruled on its merits and is unaware of the underlying evidence. As a result, the Court is leery about foreclosing Mr. Bradley from pursuing this claim in the future, should he choose to do so.

Second, at the time of his lawsuit, Mr. Bradley was incarcerated at Massachusetts Correctional Institution in Shirley, Massachusetts. *See id.* at 1. He was then transferred to the Northeastern Correctional Center in Concord, Massachusetts. *See Decl. of Pl. Showing Cause as to Why Serv. Was Untimely Made* at 1 (ECF No. 16). It is possible that Mr. Bradley was transferred again or released, which may explain why mail has been undeliverable. These possibilities, which may be outside of his control, militate against dismissing with prejudice.

Third, the docket reflects that Mr. Bradley was actively engaged in the prosecution of his case until at least September 2023, but after that time, he no longer participated, and by February 2024, his mail was returned as undeliverable.

In the Court's view, Mr. Bradley acting pro se and being incarcerated are "mitigating factors." *Reardon*, 2024 U.S. Dist. LEXIS 23786, at *6 ("Reardon's *pro se* status and the fact that he has been incarcerated twice throughout this litigation, which undoubtedly has made it more difficult for him to engage in discovery, are mitigating factors"). Thus, "[d]ismissal without prejudice is an appropriate sanction." *Id*.

## III. CONCLUSION

The Court GRANTS in part and DISMISSES in part Defendant's Motion for Sanctions (ECF No. 46). The Court DISMISSES George E. Bradley's Complaint (ECF No. 1) without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.<br>
JOHN A. WOODCOCK, JR.<br>
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2024